IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

       Plaintiff,

  -vs-                                                                                                     CRIMINAL No. 13-3145 JCH

DANIEL PHILLIP TENORIO,

       Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the following motions in *limine* filed by the parties: (1) the United States' First Motion *in Limine* (ECF No. 39); (2) the United States' Motion *in Limine* Requesting the Court Prohibit Trial Counsel from Making Autobiographical References to the Jury Including Defense Counsel's Prior Employment as a Federal Prosecutor and Judge (ECF No. 40); (3) the United States' Motion *in Limine* to Admit Polygraph Test or Results of Polygraph Test under Certain Circumstances (ECF No. 41); (4) Defendant's Motion in *Limine* to Prevent the Introduction of Evidence of Other Sexual Assaults, pursuant to Fed. R. Ev. 413 (ECF No. 42); (5) Defendant's Motion in *Limine* to Allow the Introduction of Evidence with regard to Jane Doe's Recantation of the Alleged Offenses (ECF No. 43); (6) Defendant's Motion In *Limine* to Prevent the Admission Results of Polygraph Test (ECF No. 44); (7) the United States' Sealed Motion In Limine to Admit Evidence pursuant to Federal Rule of Evidence 401, 402, 404(b), and 413 (ECF No. 45); and (8) Defendant's Sealed Amended Motion in Limine to Allow the Introduction of Evidence with regard to Jane Doe's Recantation of the Alleged

Offenses (ECF No. 48)

## I. INTRODUCTION

After learning of sexual abuse allegations made against Defendant by his niece, "Jane Doe," Bureau of Indian Affairs ("BIA") Special Agent Travis LeBeaux began an investigation. On January 25, 2012, Agent LeBeaux interviewed "Jane Doe," who told him that Defendant has slapped her on her buttocks numerous times and has grabbed her breasts.  *See* Mem. of Interview, ECF No. 45-1.  She also alleged that Defendant has slapped two other individuals on the butt or chest before, that he talks nasty in front of everyone in the house about sex, and has made statements to her about having big "boobs" and a big "butt" and wanting to slap her butt and touch her "private part."  *See id.*

Agent LeBeaux interviewed Jane Doe's sister, "K.S.", on January 30, 2012.  *See* Mem. of Interview, ECF No. 45-4.  Among other things, K.S. stated that Defendant has said inappropriate things to her and Jane Doe in the past, such as "you['re] fine" and "you['re] sexy."  *Id*.  She also said that Defendant has asked her about her relationship with her boyfriend and the sex they had. *Id*.  K.S. stated that she told Defendant to stop making inappropriate statements to her, and afterwards, he stopped.  *See id.*

On February 3, 2012, Agent LeBeaux interviewed Jane Doe's other sister, "L.S.," who told him that Defendant made nasty, sexual comments numerous times, such as "It would be nice to grab that girl's ass and fuck her in the ass," and "I wonder why that girl is with him, I bet he has a small dick."  Mem. of Interview, ECF No. 45-2.  L.S. also asserted that she has seen the Defendant slap and grab Jane Doe's ass at least five times and that he tickled Jane Doe in her breast area, touching Jane Doe's "boob," which upset Jane Doe and made her cry.  *See id.*

Agent LeBeaux interviewed Jane Doe's nephew, "W.T." on March 6, 2012.  *See* Mem. of

Interview, ECF No. 45-3.  At the time of the interview, W.T. was 8 years old.  *See id.*  W.T. alleged that he saw Defendant touch Jane Doe's butt more than once and that he has seen Defendant touch Jane Doe's breasts.  *See id.*  W.T. also stated that Defendant had once asked him "if he found a girlfriend to fuck and if he squeezed their tits."  *Id.*

On October 2, 2012, Agent LeBeaux met with Defendant at San Felipe Pueblo, advised him of his *Miranda* rights, interviewed him, and, after Defendant repeatedly denied the allegations, asked him to take a polygraph test with an FBI polygrapher in Albuquerque.  Defendant agreed to take the test.  On November 5, 2012, Agent LeBeaux went to San Felipe Pueblo, met Defendant, and drove him to Albuquerque to take a polygraph test.  Federal Bureau of Investigation Special Agent Jennifer Sullivan administered the polygraph examination after advising Defendant of his rights.  Agent Sullivan believed that the polygraph test showed "deception indicated," and she told Defendant that "he failed the test miserably."  Agent Sullivan then began asking Defendant confrontational questions, and he ultimately verbally confessed to having touched Jane Doe's breasts and buttocks and he wrote a written statement of apology.

On September 25, 2013, the United States indicted Defendant.  The Indictment alleges two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1) and 2246(3), in which Defendant allegedly intentionally touched Jane Doe's breasts and buttocks, directly and through the clothing, on or about January 1, 2011, through December 31, 2011.  *See* Indictment, ECF No. 2.

**II.    LAW**

    **A.    Rule 403**

Federal Rule of Evidence 403 provides:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B.      Rule 404(b)

Evidence of other crimes may not be offered to prove bad character or conformity with prior bad acts, but evidence of other crimes or wrongs may be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).  The Tenth Circuit has established four requirements for admission of evidence under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the evidence's probative value must not be substantially outweighed by its unfairly prejudicial effect; and (4) the trial court must give jury instructions on the proper purpose of the evidence if requested. *United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993).

### C.      Rule 413

Federal Rule of Evidence 413 provides that, in a criminal case in which the defendant is accused of sexual assault, a "court may admit evidence that the defendant committed any other sexual assault," if the prosecutor timely discloses his intent to do so to the Defendant.  Fed. R. Evid. 413(a) & (b).  Among other things, Rule 413 defines "sexual assault" as a crime involving any conduct prohibited by 18 U.S.C. chapter 109A.  Fed. R. Evid. 413(d)(1).  The charged crimes in this case of abusive sexual contact are prohibited in 18 U.S.C. chapter 109A. *See* 18 U.S.C. §§ 2244(a)(1) and 2246(3).

Rule 413 provides an exception to Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts. *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007).  Before a court may consider for admission

evidence of a prior sexual assault, the court must determine (1) the defendant is accused of a crime involving sexual assault, (2) the evidence proffered is evidence of the defendant's commission of another offense involving sexual assault, and (3) the evidence is relevant. *Id.* at 1090. Even where Rule 413 evidence is relevant, a court must conduct a Rule 403 balancing test before admitting the evidence. *Id.* The Tenth Circuit explained additional findings a court must make to introduce Rule 413 evidence:

> [T]he district court must make a preliminary finding that a jury could reasonably find that the "other act" occurred by a preponderance of the evidence. The district court should then consider:
>
>> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.
>
> [*United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998)] (quotation omitted). To further assist district courts in analyzing probativeness under the second *Enjady* factor, the *Guardia* court enumerated considerations which may influence the court's analysis, including (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony. [*United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998)].
>
> When the government seeks to introduce Rule 413 or 414 evidence, the district court has an obligation "to fully evaluate the proffered ... evidence and make a clear record of the reasoning behind its findings" as to whether the evidence survives the Rule 403 balancing test. *Id.*

*Id.* at 1090-91.

III.   **ANALYSIS**

    A.   **United States' First Motion *In Limine* (ECF No. 39)**

The United States has asked for a pretrial ruling on seven categories of anticipated evidence. As to categories 2, 3, and 6, Defendant has asserted that he does not intend to introduce evidence falling within those categories, so the Government's request to exclude those categories will be denied as moot. Regarding the remaining categories, the Court does not have enough context or detail to make a ruling before trial and will thus reserve ruling on the remainder of the motion in *limine* until trial.

  **B. United States' Motion *in Limine* Requesting the Court Prohibit Trial Counsel from Making Autobiographical References to the Jury Including Defense Counsel's Prior Employment as a Federal Prosecutor and Judge (ECF No. 40)**

The United States seeks to prohibit counsel from speaking to the venire panel or seated jury at any time during the proceedings about counsel's autobiographical narrative, including prior employment, ethnicity, or heritage. Defendant argues that defense counsel should be permitted to address his background in the voir dire of potential jurors in the event a juror could harbor bias or prejudice against Defendant based on his choice of defense counsel. The Court, having considered the motion and briefs, concludes that defense counsel will be permitted to mention his former employment as well as his status as a Native American during the voir dire process, but not during any other portion of the trial.

  **C. Motions in *limine* regarding admission of polygraph test or results (ECF Nos. 41 and 44)**

The parties each submitted motions in limine regarding admission of the polygraph test and/or making references to it. The United States filed a Motion *in Limine* to Admit Polygraph Test or Results of Polygraph Test under Certain Circumstances (ECF No. 41) and Defendant filed a Motion in *Limine* to Prevent the Admission Results of Polygraph Test (ECF No. 44). The United States concedes that the fact that Defendant took and failed a polygraph examination is

generally inadmissible as evidence at trial and it does not intend to refer to the polygraph in its examination of Special Agent Sullivan or Special Agent LeBeaux.  The United States argues, however, that it is entitled to admit testimony related to the test in responding to any claim Defendant makes that his confession was coerced or involuntary or that the United States' investigation was inadequate.

Defendant acknowledges that he intends to attack the voluntariness of the statements he made to investigators and to attack the quality of the investigation.  Defendant initially stipulated to the admission of evidence that Mr. Tenorio failed the polygraph test.  Def.'s Reply to United States' Resp. to Def.'s Mot. in Limine to Prevent the Results of Polygraph Test at 1-2, ECF No. 63 (emphasis added); Def.'s Resp. to United States' Mot. in *Limine* to Admit Polygraph Test at 3, ECF No. 62.  Defendant, however, subsequently filed an amended response (ECF No. 68) and amended reply (ECF No. 69) objecting to the introduction of the results of the polygraph test because it would be highly prejudicial.  Defendant also asserts that the introduction of the evidence would cause a need for a *Daubert* hearing to address Agent Sullivan's qualifications to conclude that Mr. Tenorio failed the polygraph test.

The Court agrees that the prejudicial effect of this testimony greatly outweighs its probative value and will be excluded.  The Government can explain the agents' motivation for conducting the interrogation as they did by explaining that they had reason to believe Defendant was lying, without referencing the polygraph test results.  They can further explain why the investigation proceeded as it did based on the fact that Mr. Tenorio confessed, without needing to address the polygraph test results.  The Court, however, warns Defendant that it may revisit this ruling at trial depending on what evidence he elicits during the course of his questioning about the confession.

Even if the proverbial door were opened and the Court were to allow the United States' witnesses to reference that Defendant took a polygraph test and/or that Agent Sullivan believed that Defendant had failed a polygraph test to explain why the agents proceeded in their investigation and interrogation as they did, there would be no need for a *Daubert* hearing or further questioning on the reliability of the results of the polygraph test.  The jury would be instructed that the testimony relating to the polygraph was not scientific, that its results were irrelevant to the ultimate issue of truthfulness, and that the evidence could only be considered for the purpose of explaining the quality of the investigation and the voluntariness of the confession. *Cf. United States v. Allard*, 464 F.3d 529, 535 (5th Cir. 2006) ("Where a defendant, such as Allard, chooses to contest before the jury the voluntariness of her confession, it is only fair to permit the government, in response, to set the scene of that confession. It is significant, of course, that here the district court specifically instructed the jury that testimony relating to the polygraph was not scientific, that its results were irrelevant to the ultimate issue of truthfulness, and that the evidence was only to be considered in determining whether Allard's confession was voluntary."); *United States v. Hall*, 805 F.2d 1410, 1415-17 (10th Cir. 1986) (holding that trial court did not abuse its discretion in allowing questioning about defendant having failed polygraph test where defense counsel attacked quality of investigation of bank robbery and jury was instructed that polygraph evidence was only admitted for limited purpose of explaining quality of investigation).  Because the polygraph evidence would not be admitted for the purpose of determining whether Mr. Tenorio in fact failed the polygraph test, additional expert evidence regarding the results of the polygraph test would be irrelevant and not admissible, and thus, there would be no need for a *Daubert* hearing.

Defendant also requests a limiting instruction should the evidence be admitted.  *See*

Def.'s Mot. in *Limine* to Prevent the Admission Results of Polygraph Test at 3, ECF No. 44. Although at this time the evidence is not admissible, it would behoove the parties to have a stipulated jury instruction ready should Defendant open the door to the testimony. The Court will order the parties to submit on or before July 14, 2014, a stipulated limiting instruction on this issue to give to the jury at the time any such reference is made and for the Court's jury instructions used during deliberations.

### D. Motions in limine regarding evidence of sexually explicit comments and other acts of sexual assault (ECF Nos. 42 and 45)

In the United States' Sealed Motion *in Limine* to Admit Evidence pursuant to Federal Rule of Evidence 401, 402, 404(b), and 413 (ECF No. 45), the United States seeks to admit evidence of sexually explicit comments to individuals other than the alleged victim during the time period when she was allegedly sexually abused as well as evidence that Defendant touched the alleged victim's buttocks in a sexual manner at other times than those charged in the indictment. The United States contends that these other acts are more probative than prejudicial because they show the sexual intent of Defendant, that he was not merely acting in a joking manner, and the absence of mistake or accident. Defendant objects to the introduction of this evidence, arguing it is far more prejudicial than probative. In Defendant's "Motion in *Limine* to Prevent the Introduction of Evidence of Other Sexual Assaults, pursuant to Fed. R. Ev. 413" (ECF No. 42), Defendant seeks to exclude any evidence of other allegations of sexual assaults.

#### 1. Sexually explicit comments

The United States seeks to admit the following evidence of "nasty" sexual comments that Defendant made: (i) Defendant talked about how good sex feels; (ii) Defendant said that he would like to grab an unidentified girl's ass and "fuck her in the ass," (iii) Defendant asked W.T. if he found a "girlfriend to fuck" and if he had "squeezed their tits," and (iv) Defendant told Jane

9

Doe's older sister, K.S., that she was "fine" and "sexy" and asked her about her boyfriend and inquired about the sex they had. This evidence is certainly prejudicial as it could divert the jury's attention away from the question of Defendant's responsibility for the crimes charged to the improper question of Defendant's bad character. The Court finds that this evidence and any other evidence of sexual comments made about other individuals are of an inflammatory nature that could unfairly prejudice the jury against Defendant. Moreover, the evidence has only slight probative value to the question of Defendant's guilt as to the charged crimes. These comments were not about the victim in this case and do not suggest Defendant's motive to target the alleged victim. Accordingly, unless Defendant opens the door to the admissibility of these sexual comments, the Court will exclude them as substantially more prejudicial than probative.

The United States also seeks to admit the following sexually explicit comments that Defendant made about the alleged victim: (i) that he told Jane Doe that he wanted to slap her butt and touch her "private part;" (ii) that he told Jane Doe that she has big "boobs" and a big "butt." Unlike the other general sexual comments about other individuals, these sexual comments were directed to Jane Doe and are more probative of Defendant's intent to commit the acts of sexual abuse alleged in the indictment. These comments refer to Jane Doe's body parts that the Government alleges he touched. The probative value of these statements outweighs their prejudicial effect and the Court will allow the admission of this evidence under Federal Rules of Evidence 401 and 404(b).

### 2. Other instances of touching the alleged victim in a sexual manner

The United States also seeks to introduce the following evidence that Defendant touched the alleged victim in a sexual manner at times other than those charged in the indictment: (i) Defendant touched Jane Doe in a sexual manner on more than one occasion and in front of

others; (ii) during one incident, Defendant grabbed Jane Doe's breasts, she pushed him away, but despite the push, Defendant proceeded to push toward Jane Doe until she slapped him; (iii) L.S. saw Defendant slap and grab Jane Doe's buttocks at least five times; (iv) L.S. saw Defendant touch Jane Doe's breasts, resulting in Jane Doe becoming upset and crying; (v) W.T. saw Defendant touch Jane Doe's "boobs" and "butt" on several occasions.

This evidence is more probative than prejudicial, as it relates to Defendant's actions towards this victim and helps prove the element of intent by showing that the Defendant's charged crimes were not accidents or done in a joking manner, but instead were for sexual gratification. Moreover, all the incidents are similar to those charged in the indictment and occurred in the same general time frame. Defendant is accused of a sexual assault offense, abusive sexual contact, and the proffered evidence is evidence that Defendant committed similar other sexual assault offenses. The United States intends to prove these other acts through direct eyewitness testimony, these acts are highly probative of the central issues in the case, and the other acts will not be time-consuming to prove. Additionally, the proposed testimony of L.S. and W.T. corroborate one another's and Jane Doe's statements. A jury could thus reasonably find that these "other acts" occurred by a preponderance of the evidence. Finally, the government has a need for this "other acts" evidence because Defendant intends to challenge the credibility of Jane Doe and the charged offense is not the type for which there usually is physical evidence to support. The Court finds that the probative value of this evidence of other instances in which Defendant touched Jane Doe in a sexual manner outweighs the prejudicial effect, and the Court will allow the admission of this evidence under Federal Rules of Evidence 401, 403, 404(b), and 413. *Cf. Benally*, 500 F.3d at 1092-93 (holding that district court's admission of evidence of defendant's four prior sexual assaults was not abuse of discretion). The Court will

therefore deny Defendant's "Motion in *Limine* to Prevent the Introduction of Evidence of Other Sexual Assaults, pursuant to Fed. R. Ev. 413" (ECF No. 42) and will grant in part and deny in part the United States' Sealed Motion *in Limine* to Admit Evidence pursuant to Federal Rule of Evidence 401, 402, 404(b), and 413 (ECF No. 45).

### 3. Defendant's request for voir dire of witnesses outside presence of jury

Defendant argues that, if the Court allows any such evidence, he should be allowed to voir dire the potential witnesses outside the presence of the jury.  In light of the proffers of the Government and the detailed reports provided to the Court regarding the proposed witness testimony, this Court finds that additional voir dire questioning of the witnesses by Defendant outside the presence of the jury is unnecessary and would not help the Court in rendering its decision that the evidence is admissible under Rules 401 and 404(b).

Finally, Defendant requests that he be allowed to determine if witness W.T., a child who will be around 10 or 11 years old at the time of trial, is competent to testify by asking questions outside the presence of the jury.  Children are statutorily presumed competent to testify and Defendant has not met his heavy burden of providing a compelling reason for questioning the child's competence.  *See* 18 U.S.C. § 3509(c); *United States v. Allen J.*, 127 F.3d 1292, 1294-95 (10th Cir. 1997).  The Court will therefore deny Defendant's request.

### E. Defendant's Sealed Amended Motion in *Limine* to Allow the Introduction of Evidence with regard to Jane Doe's Recantation of the Alleged Offenses (ECF No. 48)

As an initial matter, this amended motion in *limine* amends and supersedes Defendant's Motion in *Limine* (ECF No. 43), which will be denied as moot.  As for the sealed amended motion in *limine*, Defendant intends to cross examine the alleged victim regarding purported statements she made to two individuals, her grandmother and an unidentified witness, in which

she recanted the allegations of sexual misconduct she made against Defendant. Should the alleged victim deny having made the statements, Defendant also seeks to introduce the testimony of the two potential witnesses at trial in his case-in-chief. The United States argues that the alleged statements of Defendant's witnesses would fall within the prohibition against hearsay evidence. It is unclear whether the United States objects to Defendant cross-examining the alleged victim regarding her purported recantation. The Court will reserve ruling on the amended motion until trial when the evidence and argument are better developed.

**IT IS THEREFORE ORDERED** that:

1.  The United States' First Motion *in Limine* (**ECF No. 39**) will be **DENIED IN PART** based on mootness grounds as to its requests to exclude categories 2, 3, and 6. The Court will **RESERVE RULING** on the remaining categories of evidence until trial.

2.  The United States' Motion *in Limine* Requesting the Court Prohibit Trial Counsel from Making Autobiographical References to the Jury Including Defense Counsel's Prior Employment as a Federal Prosecutor and Judge (**ECF No. 40**) is **GRANTED in part and DENIED in part**. The motion is **DENIED** to the extent the United States requests that defense counsel be excluded from mentioning his former employment as well as his status as a Native American during the voir dire process, but the motion is otherwise **GRANTED** to exclude such references during any other portion of the trial.

3.  At this time, the United States' Motion *in Limine* to Admit Polygraph Test or Results of Polygraph Test under Certain Circumstances (**ECF No. 41**) is **DENIED** and Defendant's Motion in *Limine* to Prevent the Admission Results of Polygraph Test (**ECF No. 44**) is **GRANTED**. The Court hereby notifies the parties that it may alter this ruling at trial

should Defendant's questioning make the evidence more probative than prejudicial.  The parties must file with the Court a stipulated jury instruction limiting their consideration of the polygraph test evidence **on or before JULY 14, 2014**, to be used at trial should Defendant open the door to the admission of the evidence.

4. Defendant's Motion in *Limine* to Prevent the Introduction of Evidence of Other Sexual Assaults, pursuant to Fed. R. Ev. 413 (**ECF No. 42**) is **DENIED**;

5. Defendant's Motion in *Limine* to Allow the Introduction of Evidence with regard to Jane Doe's Recantation of the Alleged Offenses (**ECF No. 43**) is **DENIED as moot** based on the amended motion in *limine* filed by Defendant.

6. The United States' Sealed Motion *In Limine* to Admit Evidence pursuant to Federal Rule of Evidence 401, 402, 404(b), and 413 (**ECF No. 45**) is **GRANTED in part and DENIED in part** as follows:

   a. The United States' request to admit evidence of sexually explicit comments that Defendant made to or about the alleged victim as well as evidence that Defendant touched the alleged victim in a sexual manner at times other than those charged in the indictment, as described herein, is **GRANTED**.

   b. The United States' request to admit evidence of other sexual comments not made to or about the alleged victim in the case is **DENIED**.

7. The Court will **RESERVE RULING** until trial on Defendant's Sealed Amended Motion in *Limine* to Allow the Introduction of Evidence with regard to Jane Doe's Recantation of the Alleged Offenses (**ECF No. 48**).

_____
**UNITED STATES DISTRICT JUDGE**